Barbara **FLEMMING**, a minor, suing by Darlene B. De Sylva, her mother and next friend, Plaintiff,

v.

Alva **B. ADAMS**, Anna C. Petteys, Clarence D. Bliss, Hugh E. Chastain, and Bernice S. Frieder, individually and as constituting the Colorado State Board of Education, Byron W. Hansford, individually and as Commissioner of Education for Colorado, and John A. Ogden, Defendants.

Civ. A. No. 66–C–97.

United States District Court
D. Colorado.

May 2, 1966.

Maley & Schiff, Denver, Colo., for plaintiff.

Duke W. Dunbar, Atty. Gen., John W. Patterson, Asst. Atty. Gen., Denver, Colo., for defendants.

Wormwood, Wolvington, Renner & Dosh, Denver, Colo., for defendants Byron W. Hansford and John A. Ogden.

WILLIAM E. DOYLE, District Judge.

This case arises under the Constitution of the United States and the Civil Rights Acts, Title 42 U.S.C., Sections 1983, 1985 and 1988. Defendants Adams, Petteys, Bliss, Chastain and Frieder constituted the Colorado State Board of Education at the time in question; defendants Hansford and Ogden were Commissioner of Education and Consultant in Special Education, respectively, at such time. The action seeks damages and exemplary damages allegedly resulting from the deprivations complained of.

In September 1962, plaintiff was fifteen years of age and a student in a junior high school within the State Board of Education's jurisdiction. According to the complaint she suffered physical ailments which qualified her for special educational services under the applicable Colorado statute, CRS 1953, Section 123–22–2. Plaintiff applied for such services, including in her application a letter from her personal physician, a doctor of chiropractic licensed to practice in Colorado. The application and an accompanying letter were received by the Board in November, 1962.

It is alleged that the Board, acting on the advice of defendants Hansford and Ogden, denied plaintiff's application on the grounds that chiropractors were not licensed physicians within the meaning of regulations promulgated by the Board providing that eligibility for special educational services must be certified by "a physician licensed to practice medicine in Colorado." It is further alleged that the Board informed plaintiff's local school authorities that no reimbursement for educational expenses would be paid if an enrollee were not certified by a qualifying physician, and that the Board refused to supply suitable personnel to examine plaintiff. The regulation in question was held null and void, as exceeding the authorized powers of the Board, by the Colorado Supreme Court, Flemming v. Board, 400 P.2d 932 (1965). Plaintiff alleges the acts of the Board were with malice, wanton and reckless, and deprived her of rights and privileges secured to her by the United States Constitution. It is further alleged that defendants Hansford and Ogden conspired to deprive plaintiff of such rights. Plaintiff seeks damages for such alleged misconduct and also exemplary damages for the alleged malice. Plaintiff contends that one of the "rights and privileges" secured by the Constitution is the right to an education guaranteed by the Constitution and laws of Colorado and by Article IV, Section 2 of the United States Constitution.

Defendants have moved to dismiss the complaint on the narrow ground that all were acting within the scope of their official employment and were thus ab-

solutely immune from suit for civil damages. It is conceded, however, that no court has yet directly held school boards absolutely immune from civil damage suits under the Civil Rights Acts. The numerous cases cited by defendants deal either with immunity of judicial and quasi-judicial officers in tort actions for damages for acts committed within their official capacity, or with immunity of such officials from libel actions. It is true that in Preble v. Johnson, 10 Cir. 1960, 275 F.2d 275, the Court of Appeals for this circuit held that a civilian employed by the federal government as Director of Maintenance Control at a naval training center was absolutely immune from suit in a civil libel action. However, neither the Civil Rights Acts nor the Constitution were there involved. It is also true that in Belveal v. Bray et al., 253 F.Supp. 606, December 28, 1965, this Court indicated that in suitable circumstances the Colorado State Board of Parole would be within the protection of the immunity doctrine in a suit for damages brought under the Civil Rights Acts. A distinction was made in that case between authorized and unauthorized actions of such officials. Plaintiff was there allowed to amend the complaint to show absence of such authority. The decisions of this Court and of the Tenth Circuit do not support defendants' contentions.

Recent decisions involving the Civil Rights Acts suggest that there are limitations on immunity in this area of substantial constitutional rights. See Hornsby v. Allen, 5 Cir., 1964, 326 F.2d 605; Birnbaum v. Trussell, 2 Cir., 1965, 347 F.2d 86. Such decisions suggest that in cases involving alleged violations of the Civil Rights Acts, the purposes of the rule of absolute immunity must be tested in light of the facts of each case and the broad remedial nature of the acts. Any other approach, it is argued, could render meaningless the requirements in such acts that alleged defendants be acting "under color of law." See note: "The Doctrine of Official Immunity under the

Civil Rights Acts," 68 Harvard Law Review 1229 (1955).

We do not here undertake to declare generally the policy considerations underlying the principles of officer immunity or to determine the specific limitations which are applicable to Civil Rights Acts cases. Nor do we determine whether these particular defendants acted in excess of their authority and therefore cannot invoke the protection of the rule of immunity. See Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Basista v. Weir, W.D.Pa., 1964, 225 F. Supp. 619.

Such determinations are unnecessary in the light of the fact that the complaint here wholly fails to state a cause of action upon which this Court may grant relief. The Civil Rights Acts protect rights guaranteed to citizens by the laws or Constitution of the United States. Plaintiff's sole contention here is that she has been deprived of the "right to an education." No decision is offered to support the contention that the federal Constitution guarantees a right to an education, nor are facts presented which in any way reveal how defendants' alleged acts worked to completely deprive plaintiff of "an education." The alleged facts reveal no discrimination against this plaintiff amounting to a deprivation of her federally-protected rights to due process and equal protection of the law. The Colorado State Board of Education promulgated a ruling that chiropractors did not qualify as licensed physicians under certain regulations of the Board. The fact that such ruling adversely affected plaintiff's application for special education and was later declared void does not support plaintiff's allegations of violation of federally-protected rights. Nor do conclusionary allegations of conspiracy and malice, unsupported by any factual allegations, afford any basis for inferring discrimination or other equal protection violations.

The jurisdiction of this Court is, contrary to the belief of many citizens, including some members of the bar, limited. We are not authorized to entertain every

552

grievance, real or fancied, which a person may have. Our federal question powers are limited and the allegation that a question is of constitutional calibre does not make it so. The basis of this suit is the ruling of the Board that a physician's certificate was necessary. Can it be said that the plaintiff had a constitutional right to be examined by a chiropractor? I think not. She could have had the benefits demanded by submitting a physician's certificate. Her own decision "deprived" her of an education; thus, even assuming the right to an education to be constitutional, defendants did not deprive her of it.

In the absence of any showing of a violation of federally-protected rights, this Court has no subject matter jurisdiction under the Civil Rights Acts. Accordingly, it is

Ordered, that defendants' motion to dismiss be, and the same hereby is, granted.