John W. MEREDITH, Plaintiff-Appellant,

v.

ALLEN COUNTY WAR MEMORIAL HOSPITAL COMMISSION and Its Individual Members, Merlin Douglas, Luther Tinsley, Porter Hood, Thomas W. Crow, Jr., Bennett Erwin, Carlton Conner, Anna Shelton, Administrator, Dr. Owen L. Davis, Dr. John M. Hall, Dr. Earl P. Oliver, Dr. Francis J. Halcomb, Jr. and Dr. V. E. Scherer, Defendants-Appellees.

No. 18221.

United States Court of Appeals
Sixth Circuit.

June 19, 1968.

Harry Phillips, Circuit Judge dissented.

John David Cole and Charles E. English, Bowling Green, Ky., Harlin, Parker, Ricketts, Lucas & English, Bell, Orr & Reynolds, Charles Reynolds, Bowling Green, Ky., on brief, for appellant.

William O. Guethlein, Louisville, Ky., and Uhel O. Barrickman, Glasgow, Ky., Boehl, Stopher, Graves & Deindoerfer and William P. Swain, Louisville, Ky., Richardson, Barrickman & Dickinson and Henry H. Dickinson, Glasgow, Ky., James S. Secrest, Scottsville, Ky., W. Mallon Lake, Hartford, Ky., on brief; G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, Ky., of counsel, for appellees.

Before PHILLIPS and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

McCREE, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing an action brought by plaintiff under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985(3).[1, 2]

Defendant commission had been appointed by the Allen County Fiscal Court (the governing body of Allen County) to operate the Allen County War Memorial Hospital, upon whose medical staff plaintiff had served since its opening. The hospital is the only one in Allen County, and was financed in part by funds made available under the federal Hospital Survey and Construction (Hill-Burton) Act. In February, 1967, the five defendant physicians wrote letters to the commission complaining of certain of plaintiff's actions and recommending that he not be reappointed to the staff. The complaints did not question his professional ability, but were based on matters such as general uncooperativeness, refusal to handle emergency cases, and dismissal from various medical associations. On March 6, 1967, plaintiff, represented by counsel, appeared before the commission to answer the charges which had been lodged against him. On April 10, 1967, plaintiff was denied reappointment.

In his complaint, plaintiff alleged that defendants had conspired to, and had in fact denied him, rights secured by the

---

1. § 1983: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

§ 1985(3): If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws: * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

2. Plaintiff also alleged in his complaint that jurisdiction existed under the antitrust laws, but this allegation was not advanced either in opposition of defendants' motion to dismiss or upon appeal, and we therefore assume that the claim of antitrust violation has been abandoned.

Constitution of the United States. Specifically, he alleged that he had been deprived of the opportunity to practice his profession without due process of law because his hearing had not been impartial, because he had not been sufficiently informed of the charges against him, because the commission had considered information obtained outside of the hearing, and because counsel had not been permitted to cross-examine all those upon whose testimony the commission relied. Further, plaintiff alleged that he had been denied equal protection of the laws because standards had been applied to him different from those which had been applied to other physicians on the staff.

Defendants moved to dismiss the complaint on alternate grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. The District Court granted the motion on jurisdictional grounds. Defendants' motion was based on alternate grounds because of lack of agreement among several federal courts as to whether a non-meritorious claim under the Civil Rights Act should be dismissed for lack of jurisdiction or for failure to state a claim. See Campbell v. Glenwood Hills Hospital, Inc., 224 F.Supp. 27, 29 (D.Minn.1963). The proper approach in the unmeritorious case, except for the obviously frivolous one, would seem to be dismissal on the ground of failure to state a claim. Cf. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). We hold, however, that the instant case should not have been dismissed on either ground, and we therefore reverse.

In seeking dismissal of the complaint, defendants contended that their actions had not been under color of state law, and that, in any event, plaintiff had no constitutional right to be a member of the hospital staff and the actions of defendants could therefore not have violated the statute.

Defendant commission members were appointed by the governing body of Allen County to operate the hospital. Moreover, the hospital is the only one in the area and was financed in part by public funds. An institution such as this, serving an important public function and financed by public funds, is sufficiently linked with the state for its acts to be subject to the limitations of the Fourteenth Amendment. Simkins v. Moses H. Cone Memorial Hosp., 323 F.2d 959 (4th Cir. 1963), cert. denied, 376 U.S. 938, 84 S.Ct. 793, 11 L.Ed.2d 659 (1964); Kerr v. Enoch Pratt Free Library, 149 F.2d 212 (4th Cir. 1945), cert. denied, 326 U.S. 721, 66 S.Ct. 26, 90 L. Ed. 427 (1945); cf. Evans v. Newton, 382 U.S. 296, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966). Because the members of the commission hold office as a result of governmental appointment and because they administer a public facility, their actions must be regarded as having been taken under color of law. Hence, the provisions of § 1983 and § 1985(3) are applicable to them.

Although defendant physicians do not exercise the governmental powers of the commission, plaintiff may nevertheless maintain an action against them under § 1985(3) because his complaint charges that they conspired with state officials to deprive him of equal protection of the laws by applying standards to him different from those applied to other physicians. Accord, Birnbaum v. Trussel, 347 F.2d 86, 89 (2nd Cir. 1965).

Defendants are correct in asserting that plaintiff has no constitutional right to practice his profession at a public facility. Hayman v. City of Galveston, 273 U.S. 414, 47 S.Ct. 363, 71 L.Ed. 714 (1927); accord, Adler v. Board of Educ., 342 U.S. 485, 72 S.Ct. 380, 96 L. Ed. 517 (1952). The constitutional requirements of due process and equal protection, however, place limitations on the manner in which one can be excluded from such practice. See Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952); Slochower v. Bd. of Higher Educ., 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956). In holding a loy-

alty oath invalid in *Wieman,* supra, the Court said:

> We need not pause to consider whether an abstract right to public employment exists. It is sufficient to say that constitutional protection does extend to the public servant whose exclusion pursuant to a statute is patently arbitrary or discriminatory. 344 U.S. at 192, 73 S. Ct. at 219.

The fact that plaintiff has alleged a denial of the opportunity to practice his profession without due process and a denial of equal protection of the laws distinguishes this case from Hopkins v. Wasson, 329 F.2d 67 (6th Cir. 1964), upon which defendants rely. In *Hopkins,* a teacher complained of the failure of a school board to renew her contract, but did not allege any procedural irregularities or discrimination in her dismissal.

■■ Whether or not due process requires a hearing in a case of dismissal from public employment depends upon the balance of factors such as the need for the government to act summarily and the extent to which the employee will be harmed by the dismissal. See Cafeteria & Restaurant Workers Union v. McElroy, 367 U.S. 886, 894–899, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961); Davis, The Requirement of a Trial-Type Hearing, 70 Harv.L.Rev. 193, 233–243 (1956). Thus, for example, the Supreme Court held in *Cafeteria Workers,* supra, that no hearing was necessary because the place of employment involved was an important military installation where security was critical and because the dismissal would not significantly impair the employee's ability to obtain employment elsewhere. If a hearing is required, it must of course be a fair one —one in which the employee has notice and an adequate opportunity to respond to the charges against him. In the present case, there is no apparent security reason or other justification for suppressing information which might be brought out in a hearing, and, at the same time, there appears to be a substantial likelihood that failure to reappoint plaintiff would foreclose him from practicing his profession, both because of the limited number of available hospitals in the area and because of the stigma which would result from a dismissal on the grounds mentioned in the letters of defendant physicians. In Birnbaum v. Trussell, 371 F.2d 672 (2nd Cir. 1966), a case very much like the one before us, the court held that a doctor discharged on the ground that he was racially prejudiced was entitled to a hearing. The charges of uncooperativeness and the intimations of unethical behavior in the instant case reflect adversely on plaintiff's reputation in much the same way as the charge lodged in *Birnbaum.* Hence, we are of the opinion that plaintiff's complaint states a claim for violation of the Civil Rights Act, and was erroneously dismissed.

We have addressed ourselves solely to the propriety of the dismissal of the complaint because, although a transcript of the proceedings before the commission was introduced in the District Court, no findings were made as to plaintiff's contentions that the hearing was unfair. It need hardly be added that further proceedings—perhaps of a summary nature —may reveal that plaintiff has been treated by the commission with consummate fairness. We express no view on the merits of the claim, but hold only that plaintiff's claim is cognizable under the statute.

The judgment of the District Court is reversed and the case is remanded for proceedings consistent with this opinion.

PHILLIPS, Circuit Judge (dissenting).

I would affirm the order of the District Court dismissing this action for lack of jurisdiction. I do not believe this type of case was contemplated by the Congress as coming within the scope of 42 U.S.C. §§ 1983, 1985(3). Flemming v. Adams, 253 F.Supp. 549 (D.Colo.), affirmed 377 F.2d 975 (10th Cir.), cert. denied, 389

U.S. 898, 88 S.Ct. 219, 19 L.Ed.2d 216; Hopkins v. Wasson, 227 F.Supp. 278 (E. D.Tenn.), affirmed, 329 F.2d 67 (6th Cir.), cert. denied, 379 U.S. 854, 85 S. Ct. 102, 13 L.Ed.2d 57.