**O. T. CHIAFFITELLI, Plaintiff-Appellant,**

v.

**DETTMER HOSPITAL, INC., et al., Defendants-Appellees.**

**No. 20380.**

United States Court of Appeals, Sixth Circuit.

Jan. 5, 1971.

Jacob A. Myers, Dayton, Ohio, for plaintiff-appellant; Kusworm & Myers, Dayton, Ohio, on brief.

Robert S. Miller and Frank Bazler, Troy, Ohio, for defendants-appellees; Miller & Bazler, Troy, Ohio, Paul W. Brown, Atty. Gen. of Ohio, Columbus, Ohio, on brief.

Before McCREE, Circuit Judge, CLARK*, and BROOKS, Circuit Judge.

PER CURIAM.

Appellant, a duly licensed medical doctor and psychiatrist, brought suit in United States District Court against appellees, a Miami County, Ohio hospital and the members of its board of governors, to compel them to reinstate him as an active member of the medical staff, to pay damages for their refusal to renew these privileges, and for other allegedly arbitrary and discriminatory actions. Federal jurisdiction was based on 42 U.S.C. § 1983. The District Court granted appellees' motion to dismiss the action and denied a subsequent motion by appellant to allow amendment of the complaint. We reverse.

■ It is axiomatic that an action under § 1983 can be brought only against public agencies. The District Court, in dismissing, held that Dettmer Hospital was not such an agency. We disagree. Appellant's complaint, which for purposes of the motion to dismiss we accept as true, alleges that five of the nine members of the hospital's board of governors are, under the hospital's charter, responsible to the public: four are appointed by the Miami County Commissioners, and the fifth is the Judge of the Common Pleas Court of Miami County. Under applicable case law, this is enough to give the hospital the character of a public agency. Meredith v. Allen County War Memorial Hospital, 397 F.2d 33, 35 (6th Cir. 1968); see also Evans v. Newton, 382 U.S. 296, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966); Bank of Delaware v. Buckson, 255 A.2d 710, 713–714 (Del.Ch.1969). Moreover, the District Court's order recites that the hospital receives 6% of its budget from a one-half mill county tax levy and 8% of its budget from federal funds disbursed under the Hill-Burton Act. These facts [1] are also fatal to appellees' contention that Dettmer Hospital is not a public institution actionable under § 1983. Meredith, supra; Simkins v. Moses H. Cone Memorial Hospital, 323 F.2d 959, 967 (4th Cir. 1963); see also Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961).

■ As recognized by the District Court, a physician may bring an action under § 1983 against a public hospital for arbitrary or discriminatory revocation of staff privileges. Meredith, supra. Appellant's complaint stated that

The action of the Executive Committee of the staff of Dettmer Hospital, Inc., the action of the Credentials Committee and the Joint Advisory Committee of Dettmer Hospital, Inc., sitting in joint session, and the action of the Board of Governors of Dettmer Hospital, Inc., were arbitrary, discriminatory, and unreasonable; that said action was not in accordance with the by-laws and rules and regulations of the medical staff of Dettmer Hospital; there is no basis in the by-laws and rules and regulations of the medical staff of Dettmer Hospital are conflicting, vague, and provide inadequate standards for membership of the medical staff; that the application of the by-laws, rules and regulations of the medical staff of Dettmer Hospital, and the hearings provided thereunder, have been illegal in that they were not uniformly applied, and they have deprived the Plaintiff of due process of law and equal protection under the law as guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

Appellant also alleged that he received only one day's notice of the charges

---

* Mr. Justice Tom C. Clark, United States Supreme Court (Ret.), sitting by designation.

1. Although not alleged in the complaint, these data, in our view, tend to undermine the propositions for which they were cited in the order of the District Court and by appellees. Accordingly, we observe them in this posture of the case. As indicated above, our decision would be the same had they not been mentioned or considered.

against him before a hearing of the credentials committee and joint advisory committee of the hospital.

The District Court held that the allegations in appellant's complaint were "conclusory and vague" and did not set forth sufficient facts to justify liability under § 1983. We disagree. The Federal Rules of Civil Procedure permit conclusory pleading, and a more definite statement of a party's claims may be obtained under Rule 12(e). Other means exist under the Rules for exposing spurious claims originally masked by conclusory pleadings before the time-consuming process of trial begins. Accordingly, we hold that the complaint was sufficient to state a cause of action under § 1983.

The judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.