**Patrick A. O'NEILL, Plaintiff-Appellant,**

v.

**The GRAYSON COUNTY WAR MEMORIAL HOSPITAL et al., Defendants-Appellees.**

No. 72–1327.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 4, 1972.

Decided Feb. 2, 1973.

---

Wayne J. Carroll, Ewen, Mackenzie & Peden, Louisville, Ky., for plaintiff-appellant.

John W. Bland, Jr., Hatcher, Lewis & Bland, Elizabethtown, Ky., Joseph M. Whittle, Leitchfield, Ky., Ronald M. Sullivan, Sandidge, Holbrook, Craig & Hager, Clarence Bartlett, Bartlett, McCarroll & Nunley, Owensboro, Ky., Kenneth Goff, Goff & Meredith, Leitchfield, Ky., James D. Cornette, Greenville, Ky., for defendants-appellees.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from the District Court's dismissal of Plaintiff-Appellant's suit under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985.

The named Defendants-Appellees include the Grayson County War Memorial Hospital and the Grayson County Hospital Foundation, Inc., the latter being a non-stock, non-profit charitable corporation. According to the complaint, the Hospital is the only one located in the County, and it was financed in part by funds appropriated under the Federal Hospital Survey and Construction (Hill-Burton) Act.

The named individual Defendants-Appellees are nine members of the board of directors of Grayson County War Memorial Hospital, five physicians who serve

on the staff of the Hospital, the Hospital's administrator, and seven members of the Fiscal Court of Grayson County, Kentucky (the governing body of Grayson County). Appellant is a licensed physician, practicing in Leitchfield, Grayson County, Kentucky.

The complaint alleged that by letter dated December 9, 1970, the Hospital's board of directors advised Appellant that they would not allow him to be on the hospital staff and would not accept the admittance of any of Appellant's patients after December 31, 1970. It further alleged that the Board refused Appellant staff privileges at the Hospital.

The above actions by the Board were said to have constituted a denial of due process and equal protection in that Appellant was not sufficiently informed of the charges against him, was not afforded an impartial hearing, was not permitted to cross examine witnesses against him, and was subjected to standards different from those applied to other physicians at the Hospital. Defendants-Appellees are said to have acted individually under color of state law and in a conspiracy to deny Appellant his constitutional rights.

The District Court granted Defendants-Appellees' motion to dismiss the complaint for lack of federal jurisdiction,[1] noting that the alleged actions of Defendants-Appellees were not taken under color of state law, as required for purposes of the claim under 42 U.S.C. § 1983, and that no state agents were involved in the alleged conspiracy for purposes of the claim under 42 U.S.C. § 1985(3).

Plaintiff-Appellant subsequently moved for reconsideration of the District Court's judgment of dismissal and for leave to amend his complaint, setting forth numerous details respecting the interrelationship between the Hospital Foundation and the Grayson County Fiscal Court, including a lease covering the land and buildings occupied by the Hospital. Indicating that the amended complaint would likewise be subject to dismissal because it failed to allege facts establishing state action, the District Court denied the motion to amend.

## I. Section 1983 Claim

In view of the District Court's express reason for denying Appellant's motion to amend his complaint,[2] we look to the amended complaint as well as the original complaint to determine whether the Court properly ruled that Appellant failed to allege facts establishing state action for purposes of his claim under 42 U.S.C. § 1983.

The amended complaint reiterated the allegation that the Grayson County War Memorial Hospital is the only hospital located in Grayson County and that it was financed in part by Hill-Burton Act funds. The amended complaint further set forth the current 15-year lease under which the Hospital Foundation leases the Hospital premises from the Grayson County Fiscal Court in exchange for $1.00 consideration and the Foundation's agreement to fulfill all duties and responsibilities incident to the maintenance and operation of the hospital. Included in the terms and conditions of the lease are the provisions that all gifts received by the Hospital shall become the property of the Fiscal Court in the event the Foundation ceases to exist, that the Foundation shall assume the obligations and agreements that the Fiscal Court has made with the United States

1. As discussed in Meredith v. Allen County War Memorial Hospital Commission, 397 F.2d 33, 35 (6th Cir. 1968), the proper disposition of a nonmeritorious suit under the Civil Rights Act would seem to be dismissal for failure to state a claim rather than dismissal for lack of jurisdiction. In view of our holding that the District Court erred in dismissing the present complaint, however, this point becomes academic.

2. In his notice of appeal, Appellant cited, *inter alia*, both the District Court's Memorandum and Order dismissing the complaint and the order denying Appellant's motion to reconsider the Court's judgment and for leave to amend the complaint.

in securing Hill-Burton Act funds, and that the Foundation's board of directors shall at all times contain at least one member from each magisterial district of Grayson County.

■ In Meredith v. Allen County War Memorial Hospital Commission, 397 F.2d 33 (6th Cir. 1968), this Court was faced with an appeal which was identical in many aspects to the present one. In finding the requisite state action for the claim under Section 1983, the *Meredith* Court emphasized that the defendant commission members were appointed by the county Fiscal Court and that the defendant hospital, financed in part by Hill-Burton Act funds, was the only one in the area. *See also* Chiaffitelli v. Dettmer Hospital, Inc., 437 F.2d 429 (6th Cir. 1971).

In dismissing Appellant's complaint, the District Court distinguished our *Meredith* decision solely on the ground that the commission members in that case were directly appointed by the Fiscal Court, whereas in the present case "no such governmental influence upon the challenged activities under Constitutional attack . . . has been demonstrated." Although neither the original complaint nor the amended complaint suggests that the Appellee members of the Hospital Foundation's board of directors are appointed by the county Fiscal Court or any other governmental body, this fact alone does not preclude a finding of the requisite state action in this case.

Significantly, one provision of the lease set forth in the amended complaint requires that the board of directors shall at all times contain at least one member from each of the County's magisterial districts, revealing an element of the public function served by the Hospital.

Moreover, the other provisions of the lease, including the nominal consideration, the Foundation's assumption of all obligations and agreements made by the Fiscal Court to secure funds under the Hill-Burton Act, the agreement that all donations received by the Foundation shall revert to the Fiscal Court should the former cease to exist, and the requirements relating to the Foundation's maintenance and operation of the Hospital, indicate that the Hospital is not a purely private institution, immune from the mandates of the Fourteenth Amendment. *Compare* Burton v. Wilmington Parking Authority, 365 U.S. 715, 721–726, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), *with* Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 171–177, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).

We do not suggest that the presence of state action in this case or in any case can be determined by the application of some clear-cut test. Rather, as noted by the Supreme Court in Burton v. Wilmington Parking Authority, *supra*, 365 U.S. at 722, 81 S.Ct. at 860,

"to fashion and apply a precise formula for recognition of state responsibility under the Equal Protection Clause is an 'impossible task' which 'This Court has never attempted.' Kotch v. Board of River Port Pilot Comm'rs, 330 U.S. 552, 556, [67 S.Ct. 910, 912, 91 L.Ed. 1093]. Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance."

■ In view of the Supreme Court's ruling in Burton v. Wilmington Parking Authority, *supra*, and this Court's decision in Meredith v. Allen County War Memorial Hospital Commission,[3] *supra*,

3. We are aware of the recent decision in Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971), wherein this Court held in part that the challenged actions of a head nurse, working for a city-owned hospital, were not taken under color of state law. 446 F.2d at 1244–1245. Because the *Place* decision did not turn solely upon the question of state action and because the *Place* opinion considered neither our earlier decisions in Meredith v. Allen County War Memorial Hospital Commission, *supra*, and Chiaffitelli v. Dettmer Hospital, Inc., *supra*, nor the Supreme Court's ruling in Burton v. Wilmington Parking Authority, *supra*, we do not find that portion

we conclude that the amended complaint alleged sufficient facts to support a finding of the requisite state action under Appellant's Section 1983 claim. We therefore hold that the District Court abused its discretion in denying Appellant's motion for reconsideration and leave to amend the complaint.

## II. Section 1985(3) Claim

■ In ruling upon Appellant's claim under 42 U.S.C. § 1985(3), the District Court cited Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), in support of the proposition that " '[p]rivate persons are liable for unconstitutional acts under § 1985, but only if they conspire with public, state agents.'" Finding that the original complaint named no state agents as conspirators with the private defendants, the Court also dismissed this claim.

Contrary to the District Court's apparent interpretation, in Griffin v. Breckenridge, *supra*, the Supreme Court expressly rejected the requirement that some form of state involvement must be established in a suit under Section 1985(3) and held that the statute was intended to provide redress against private conspiracies. 403 U.S. at 93–101, 91 S.Ct. 1790, 29 L.Ed.2d 338. The District Court was thus in error in dismissing Appellant's Section 1985(3) claim for failure to name state agents as conspirators.

■ In view of the Supreme Court's further language in *Griffin*, however, we conclude that the Section 1985(3)

claim should have been dismissed for failure to allege the requisite discriminatory intent on the part of Appellees. Having rejected the requirement that some form of state action be established in suits under Section 1985(3), the *Griffin* Court proceeded to emphasize the "invidiously discriminatory motivation" which must be shown in a suit under that statute:

"That the statute was meant to reach private action does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with the rights of others. For, though the supporters of the legislation insisted on coverage of private conspiracies, they were equally emphatic that they did not believe, in the words of Representative Cook, 'that Congress has a right to punish an assault and battery when committed by two or more persons within a State.' [Id., at 485.] The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment. . . . The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured

of the *Place* opinion respecting state action to be controlling in the present case. Whereas we are cognizant of the concern, expressed in the *Place* opinion, for the "ever-increasing attempts to get into Federal Court by labelling real or imagined wrongs as deprivations of Civil Rights" [446 F.2d at 1240] which may never have been anticipated by the

drafters of 42 U.S.C. § 1983, we find nothing in the language of that statute nor in the Supreme Court's decisions thereunder which permits the recognition or nonrecognition of state action to be in any way governed by the nature of the Constitutional rights asserted in a complaint under Section 1983.

by the law to all." 403 U.S. at 101–102, 91 S.Ct. at 1798 (footnotes omitted).

 Because the *Griffin* case involved a complaint alleging racial discrimination, it was unnecessary for the Supreme Court to decide whether a conspiracy motivated by invidiously discriminatory intent other than racial bias would be actionable under Section 1985(3). *See* 403 U.S. at 102, n.9, 91 S.Ct. 1790. It is clear from the above-quoted language, however, that the requisite invidiously discriminatory intent must be class-based.

Neither Appellant's original complaint nor his amended complaint alleged any form of class-based, discriminatory animous. Rather, the original complaint merely asserted that the standards applied to Appellant, individually, in his dismissal were purposefully different from the standards applied to other physicians on the Hospital's staff. Under the language of the *Griffin* decision, this alleged intent on the part of Appellees as conspirators cannot be said to constitute an intent to deprive Appellant of the equal protection of the laws or equal privileges and immunities under the law, as required for an action under Section 1985(3).

We therefore affirm the District Court's dismissal of the Section 1985(3) claim asserted in the original complaint and unaltered in the amended complaint.

As discussed in Part I above, however, we vacate the District Court's order denying Appellant's motion for reconsideration and for leave to amend the complaint with respect to the question of state action under the Section 1983 claim, and we remand the case with instructions that said motion be granted.[4]

---

4. We of course aver no opinion as to the merits of Appellant's claim under Section 1983. Because the complaint acknowledges that Appellant was afforded a hearing, as required under this Court's decision in Meredith v. Allen County War

Memorial Hospital Commission, *supra*, 397 F.2d at 36, the only question on remand will be whether that hearing was sufficiently fair so as not to have constituted a denial of due process.