## HAYMAN *v.* CITY OF GALVESTON ET AL.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

No. 155. Submitted January 21, 1927.—Decided February 21, 1927.

1. *Quaere* whether, in the circumstances mentioned in the opinion, a regulation by a municipal hospital board excluding osteopathic physicians from practicing in the hospital, was action by the State, in the sense of the Fourteenth Amendment? P. 416.
2. A person not claiming to be a citizen of the State, or of the United States, but having the right, under the state law, to practice his profession of osteopathic physician, is not deprived of rights under the Federal Constitution,—the Privileges and Immunities Clause, and the Due Process and Equal Protection clauses of the Fourteenth Amendment—by a regulation excluding osteopaths from practicing in a hospital maintained by the State and its municipality partly for the instruction of medical students attending the state university. P. 416.
3. In Art. XVI, § 31, of the Constitution of Texas, the limitation that "no preference shall ever be given by law to any schools of medicine" is directed only to qualifications for admission to practice. P. 417.

Affirmed.

APPEAL from a decree dismissing for want of equity a bill to enjoin the respondents from excluding appellant, or other osteopathic physicians, from practicing their profession in the hospital maintained by the City of Galveston and from denying admission to patients who wish to be treated by appellant or other osteopathic physicians.

*Mr. D. A. Simmons* for appellant, submitted.

No appearance for appellees.

MR. JUSTICE STONE delivered the opinion of the Court.

Appellant, a resident of Texas, an osteopathic physician, duly licensed to practice medicine in the state, brought suit in the district court for southern Texas against the City of Galveston, the Board of Commissioners of the city, and the members of the Governing Board of the John Sealy Hospital, maintained by the city, to enjoin the enforcement of any rule or regulation excluding appellant or other osteopathic physicians from practicing their profession in the hospital, and denying admission to patients who wish to be treated by appellant or other osteopathic physicians.

The bill alleged that the State of Texas, acting through the Board of Regents of the State University, had leased land to appellee, the City of Galveston, on which it was maintaining a municipal hospital in accordance with the provisions of the lease. The lease, which is annexed to the bill of complaint and made part of it, stipulates that the State reserves the right of use of the operating amphitheatre, the wards and grounds of the hospital, by the faculty of the Medical Department of the State University, for purposes of clinical instruction of medical students attending the University in Galveston; and reserves also the right for such purposes to control the treatment of all charity patients. The city undertakes to permit the use of the facilities of the hospital for such instruction. The lease further provides that the hospital shall be managed and controlled by a hospital board, which is given the exclusive right to prescribe rules and regulations for the management and conduct of the hospital and to control its internal government. It is alleged that appellees, the Board of Managers, have made regulations excluding appellant and other licensed osteopathic physicians from practicing in the hospital and excluding patients who desire to be treated by appellant or other osteopaths. The bill does not set up diversity of citizenship of the parties

and the only ground of jurisdiction alleged is that the suit is one arising under the Constitution of the United States.

On motion directed to the pleadings, the bill was dismissed for want of equity. The case comes here on direct appeal. Jud. Code, § 238, before amended.

The case as presented carries to the point of extreme attenuation the principle that action by state officials depriving a person of property is to be deemed the action of the state for the purpose of determining whether the deprivation is within the prohibition of the Fourteenth Amendment. *Home Telephone & Telegraph Co.* v. *Los Angeles,* 227 U. S. 278; *Raymond* v. *Chicago Traction Co.,* 207 U. S. 20, 35, 36. Appellant does not point to any law of the state denying his asserted constitutional right to practice medicine in the John Sealy Hospital. The bill did not set up that appellees purported to act under any statute of the state denying such right. Appellant in fact argues that the state constitution and laws confer upon him the asserted right which is infringed by the action of the hospital board.

But if it be assumed that the question presented is the same as though the state legislature had enacted the regulation adopted by the hospital board, *Waterworks Co.* v. *Owensboro,* 200 U. S. 38, appellant fails to suggest, and we fail to perceive, any substantial basis for asserting that rights guaranteed to him by the Fourteenth Amendment have been infringed. The bill does not allege that appellant is a citizen of the state or of the United States, and there does not appear to be any substantial basis for urging that the action of the board abridges any privileges or immunities of a citizen of the United States. The protection of the due process clause extends to persons who are non-citizens. But the only protection claimed here is that of appellant's privilege to practice his calling. However extensive that protection may be in other situations, it can not we think, be said that all licensed physicians

have a constitutional right to practice their profession in a hospital maintained by a state or a political subdivision, the use of which is reserved for purposes of medical instruction. It is not incumbent on the state to maintain a hospital for the private practice of medicine. Compare *Heim* v. *McCall*, 239 U. S. 175.

But it is argued that if some physicians are admitted to practice in the hospital all must be or there is a denial of the equal protection of the laws. Even assuming that the arbitrary exclusion of some physicians would have that legal consequence in the circumstances of this case, the selection complained of was based upon a classification not arbitrary or unreasonable on its face. Under the Texas constitution and statutes, anyone who shall " offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method or to effect cures thereof " is a physician and may be admitted to practice within the state. Art. XVI, § 31, Texas Constitution, Complete Tex. Stat. 1920, Art. 5739, 5741, 5745. We cannot say that a regulation excluding from the conduct of a hospital the devotees of some of the numerous systems or methods of treating diseases authorized to practice in Texas, is unreasonable or arbitrary. In the management of a hospital, quite apart from its use for educational purposes, some choice in methods of treatment would seem inevitable, and a selection based upon a classification having some basis in the exercise of the judgment of the state board whose action is challenged is not a denial of the equal protection of the laws. Compare *Collins* v. *Texas*, 223 U. S. 288; *Watson* v. *Maryland*, 218 U. S. 173; *Crane* v. *Johnson*, 242 U. S. 339; *Jacobson* v. *Massachusetts*, 197 U. S. 11.

The validity of the action of the board under the Texas constitution is also before us. Art. XVI, § 31, of the Texas Constitution provides:

42847°—27——27

" The legislature may pass laws prescribing the qualifi- cation of practitioners of medicine in this state, and to punish persons for malpractice, but no preference shall ever be given by law to any schools of medicine."

The limitation of the provision is obviously directed to the qualifications of those to be admitted to the practice of their profession in the state and has nothing to do with the qualifications of those who are to be allowed to prac- tice in a state hospital or to participate in an educational enterprise conducted by the state. Cf. *Germany* v. *The State,* 62 Tex. Cr. Rep. 276; *Ex parte Gerino,* 143 Cal. 412; *Harris* v. *Thomas* (Tex. Civ. App.), 217 S. W. 1068.

The action of the board does not violate rights or immu- nities guaranteed by either the state or the Federal Con- stitution.

*Judgment affirmed.*