**Doctor Robert SOSA, Plaintiff-Appellee,**

v.

**BOARD OF MANAGERS OF the VAL VERDE MEMORIAL HOSPITAL, Defendant-Appellant.**

**No. 29458.**

United States Court of Appeals, Fifth Circuit.

Jan. 6, 1971.

Rehearing Denied Feb. 16, 1971.

C. Dean Davis, Davis & Nobles, Austin, Tex., for defendant-appellant.

Arturo Gonzalez, Del Rio, Tex., for plaintiff-appellee.

Before TUTTLE, BELL, and GOLDBERG, Circuit Judges.

GOLDBERG, Circuit Judge:

This case poses the problem of the conflict between the right of a doctor to be on the staff of a hospital and the obligation of the hospital to exact professional competence and the ethical spirit of Hippocrates as conditions precedent to such staff privileges.

Dr. Robert Sosa brought this suit against the Board of Managers of the Val Verde Memorial Hospital, claiming that the Board had violated the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution in denying him admission to the Medical Staff of the hospital.

The Board of Managers is the governing body of the Val Verde Memorial Hospital, which is a county institution established pursuant to Vernon's Ann.Tex.Rev.Civ.Stat. arts. 4478 to 4494r–3. The Board is appointed by the County Commissioners Court of Val Verde County, and the hospital was constructed and is maintained and operated with county funds supplemented by federal aid under the Hill-Burton Act, 42 U.S.C.A. § 291 *et seq.* It is perfectly clear, therefore, that the Board of Managers of the Val Verde Memorial Hospital is a public body receiving both state and federal funds. Its acts are thus state acts and must comport with the provisions of the Fourteenth Amendment. Sams v. Ohio Valley General Hospital Association, 4 Cir. 1969, 413 F.2d 826; Foster v. Mobile County Hospital Board, 5 Cir. 1968, 398 F.2d 227; Meredith v. Allen County War Memorial Hospital Commission, 6 Cir. 1968, 397 F.2d 33; Simkins v. Moses H. Cone Memorial Hospital, 4 Cir. 1963, 323 F.2d 959, cert. denied, 376 U.S. 938, 84 S.Ct. 793, 11 L. Ed.2d 659.

Dr. Sosa's dispute with the Board began in 1967 when he first sought admission to the Medical Staff of the hospital. This initial application was refused. Throughout 1968 Dr. Sosa made various additional attempts to gain admission to the staff, but these efforts were unavailing. His final application was submitted in August, 1969, and, like those which had preceded it, met with refusal. This suit was filed October 22, 1969, and alleged that the rejection of Dr. Sosa's application by the Board was arbitrary and discriminatory and further constituted a denial of procedural due process by reason of the Board's failure to supply him with any reasons for its action.

The district court, after trial, found that the refusal of the Board to allow Dr. Sosa staff privileges had under the circumstances violated the doctor's constitutional rights secured by the Fourteenth Amendment. The court enjoined the Board from refusing Dr. Sosa membership on the Medical Staff, but conditioned his admission on "such reasonable limitations as the Board of Managers may formally impose under their by-laws."

Before the hospital acted on this order, Dr. Sosa made a motion before the district court that the defendants be held in contempt for failing to allow him admission to the hospital staff pursuant to the court's order. The defendants countered with a motion to stay the injunction pending appeal. On March 17, 1970, the district court denied the motion for stay and ordered that Dr. Sosa "be afforded membership on the Medical Staff of Val Verde Memorial Hospital for the purpose of general practice, including general medicine, diagnosis, non-operative obstetrics, minor surgery, and first aid in emergency, and that defendant herein continue to process plaintiff's application for further privileges

consistent with their by-laws and the rules and regulations of the Medical Staff." On March 20, 1970, the district court entered a further order carrying the motion for contempt with the case and expanding the staff privileges to be accorded Dr. Sosa, ordering that in addition to the privileges heretofore granted, Dr. Sosa be allowed "to practice general medicine in the hospital doing both major and minor work, and general surgery, both major and minor, the same as every other Staff physician." The Board of Managers appealed from these actions of the district court.

On April 10, 1970, a panel of this court granted the Board of Managers' motion for a stay of the injunction pending appeal. On October 6, 1970, our panel, after oral argument, vacated the stay of injunction and reinstated the district court's order of March 17, granting Dr. Sosa limited hospital privileges. This court further ordered that the processing of Dr. Sosa's application for further privileges, required by the district court's order of March 17, be completed within 30 days and a report transmitted to this court immediately.

The Hospital Board complied with our instructions and held a hearing concerning Dr. Sosa's admission to the Medical Staff and the privileges to be accorded him. The Board voted unanimously that Dr. Sosa be denied any further privileges over and above those ordered by the district court in its March 17, 1970, order and further voted unanimously that "had the court not ordered Dr. Sosa placed on the Staff, based on the testimony received * * *, it is the decision of the Board that Dr. Sosa's application for Medical Staff privileges be denied for the following reasons:

1) Abandonment of obstetrical patients while in active labor, who had previously received pre-natal care from Dr. Sosa, because they could not pay his bill

2) Lack of knowledge of basic minor surgery techniques, basic operating procedures, and instrument identi-

fication and use, sufficient to jeopardize patient care

3) Unstable physical demeanor, visible indecision and nervousness in operating room situations, likely to jeopardize helpless and unconscious patients

4) Unstable and potentially dangerous mental condition manifested by numerous examples of anger and fits of rage toward patients, fellow physicians, and support personnel

5) Unsatisfactory reports from references listed in Dr. Sosa's application

6) Itinerant medical practice patterns since completing his formal medical education

7) Pleas of guilty for two felony charges

8) Suspension of medical license by Texas and Michigan Boards of Medical Examiners

9) Violation of five of the ten Principles of Medical Ethics."

Since the trial court has had no opportunity to examine this latest action of the Hospital Board, we think the case must be remanded for a determination of whether the proceedings comported with standards of due process. In so doing we think it is appropriate for this court to establish some guidelines for the district court in this matter.

Suits by physicians who have been denied hospital staff privileges are not new. It has been clearly established for years that a doctor has no constitutional right to the staff privileges of a hospital merely because he is licensed to practice medicine. Hayman v. Galveston, 1927, 273 U.S. 414, 47 S.Ct. 363, 71 L.Ed. 714. Rather, in speaking of staff selection the Supreme Court in *Hayman* said:

"In the management of a hospital, quite apart from its use for educational purposes, some choice in methods of treatment would seem inevitable, and a selection based upon a classification having some basis in the exercise

of the judgment of the state board whose action is challenged is not a denial of the equal protection of the laws. \* \* \*" 273 U.S. at 417, 47 S.Ct. at 364.

In the instant case the by-laws of the Hospital Board require the Board to appoint a Medical Staff composed of those who are "(1) graduates of an approved medical school, (2) legally licensed to practice in the State of Texas, and (3) practicing in the community or within a reasonable distance of the hospital." The by-laws also provide the procedures which the Board must follow in exercising its appointment functions. The Credentials Committee of the Medical Staff must first investigate the character, qualifications, and standing of the applicant and report its findings to the Medical Staff. The Medical Staff then reports its recommendations to the Board, which must either accept the recommendation of the Medical Staff or refer the matter back to the Medical Staff for further consideration.

■ Dr. Sosa clearly met the three "paper qualifications" stated in the hospital by-laws. He was a graduate of an approved medical school, was licensed to practice medicine in the State of Texas, and was in practice within a reasonable distance from the hospital. We do not think, however, that this stated triad confers an unconditional right to hospital privileges if the Hospital Board chooses to exact additional standards reasonably related to the operation of the hospital. Foster v. Mobile County Hospital Board, *supra*; Cypress v. Newport News General and Non-Sectarian Hospital Association, Inc., 4 Cir. 1967, 375 F.2d 648; North Broward Hospital District v. Mizell, Fla.1962, 148 So.2d 1; Green v. City of St. Petersburg, 1944, 154 Fla. 339, 17 So.2d 517; Sussman v. Overlook Hospital Association, 1967, 95 N.J.Super. 418, 231 A.2d 389; Davidson v. Youngstown Hospital Association, 1969, 19 Ohio App.2d 246, 250 N.E.2d 892; Duson v. Poage, Tex.Civ. App.1958, 318 S.W.2d 89, error ref. n. r. e.

In the present case the Board had seen fit to require additional standards beyond the minimal criteria specified in the by-laws and had authorized the Credentials Committee to examine applicants for character, qualifications, and standing in the community, and to report its findings to the Medical Staff. Following the Committee report the Medical Staff obviously determined that Dr. Sosa did not meet its standards in these areas. It therefore recommended that the Board not appoint Dr. Sosa, and the Board followed this recommendation.

■ We think the stated factors used by the Credentials Committee of the Medical Staff to evaluate staff applicants are reasonable. This court has recently indicated that staff appointments may be constitutionally refused if the refusal is based upon "any reasonable basis, such as the professional and ethical qualifications of the physicians or the common good of the public and the Hospital," Foster v. Mobile County Hospital Board, *supra*, 398 F.2d at 230. Admittedly, standards such as "character qualifications and standing" are very general, but this court recognizes that in the area of personal fitness for medical staff privileges precise standards are difficult if not impossible to articulate. North Broward Hospital District v. Mizell, *supra*. The subjectives of selection simply cannot be minutely codified. The governing board of a hospital must therefore be given great latitude in prescribing the necessary qualifications for potential applicants. Foster v. Mobile County Hospital Board, *supra*; North Broward Hospital District v. Mizell, *supra*; Sussman v. Overlook Hospital Association, *supra*. Contra, Milford v. People's Community Hospital Authority, 1968, 380 Mich. 49, 155 N.W.2d 835. So long as the hearing process gives notice of the particular charges of incompetency and ethical fallibilities, we need not exact a precis of the standard in codified form.

■ On the other hand, it is clear that in exercising its broad discretion the board must refuse staff applicants

only for those matters which are reasonably related to the operation of the hospital. Arbitrariness and false standards are to be eschewed. Moreover, procedural due process must be afforded the applicant so that he may explain or show to be untrue those matters which might lead the board to reject his application. Foster v. Mobile County Hospital Board, *supra*; Meredith v. Allen County War Memorial Hospital Commission, *supra*; Citta v. Delaware Valley Hospital, E.D. Penn.1970, 313 F.Supp. 301.

■ In the instant case there was considerable evidence regarding Dr. Sosa's ethical and professional competency. No court should substitute its evaluation of such matters for that of the Hospital Board. It is the Board, not the court, which is charged with the responsibility of providing a competent staff of doctors. The Board has chosen to rely on the advice of its Medical Staff, and the court cannot surrogate for the Staff in executing this responsibility. Human lives are at stake, and the governing board must be given discretion in its selection so that it can have confidence in the competence and moral commitment of its staff. The evaluation of professional proficiency of doctors is best left to the specialized expertise of their peers, subject only to limited judicial surveillance. The court is charged with the narrow responsibility of assuring that the qualifications imposed by the Board are reasonably related to the operation of the hospital and fairly administered. In short, so long as staff selections are administered with fairness, geared by a rationale compatible with hospital responsibility, and unencumbered with irrelevant considerations, a court should not interfere. Courts must not attempt to take on the escutcheon of Caduceus.

■ In its last hearing the Hospital Board of the Val Verde Memorial Hospital concluded for various reasons that Dr. Sosa should not be admitted to the staff of the hospital. We think many of the reasons adduced bear an important

and reasonable relationship to the proper management of the hospital and each appears to be supported by substantial evidence presented to the Board at its last hearing. We cannot tell from the record before us, however, whether Dr. Sosa was afforded procedural due process in the latest Board hearing. We therefore remand this case to the district court to determine the propriety of the procedures used by the Board in making its latest determination. If the Board's procedures do comport with due process requirements, then its determination to deny staff privileges to Dr. Sosa should be affirmed.

The judgment of the court below is reversed and the cause remanded for further proceedings not inconsistent with this opinion. Until the further decision by the trial court of this issue remanded to it, Dr. Sosa's privileges shall remain as they are now under our order of October 6, 1970.

Reversed and remanded.