**Marcelino OLIVA, Jr., D. O., et al., Plaintiffs-Appellants,**

v.

**Charles F. TOUCHTON, Jr., et al., Defendants-Appellees.**

No. 28150.

United States Court of Appeals, Fifth Circuit.

Sept. 16, 1971.

George C. Dayton, A. P. Gibbs, Dade City, Fla., for plaintiffs-appellants.

Robert D. Sumner, Dade City, Fla., Gilbert A. Smith, Bradenton, Fla., Delbridge L. Gibbs, Harry T. Gray, Francis P. Conroy, II, Jacksonville, Fla., David K. Deitrich, Bradenton, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and CLARK, Circuit Judges.

PER CURIAM:

This case involves the Florida and possibly the Federal Constitutional question of whether osteopathic physicians are in the same class with medical doctors, so as to require rules for admission to state-operated hospital facilities to apply equally to both schools of healing. As the outcome may well turn on State questions only, thus avoiding a needless exploration of Federal Constitutional questions, this case is a classic one for certification to the Supreme Court of Florida.

Following "our experience-born practice we requested that the parties submit a proposed agreed certificate of the issue or issues for decision." Allen v. Estate of Carman, 5 Cir., 1971, 446 F.2d 1276, 1277; Boyd v. Bowman, 5 Cir.,

1971, 443 F.2d 848, 850. This they have done. Except for some rearrangement and slight elaboration, the certificate below tracks or is a paraphrase of the agreed proposal.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES 1967, AND RULE 4.61, FLORIDA APPELLATE RULES.

To the Supreme Court of Florida and the Honorable Justices thereof:

It appears to the United States Court of Appeals for the Fifth Circuit that the above styled case in this Court involves a question or proposition of the law of the State of Florida which is determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida.

This Court hereby certifies the following question of law to the Supreme Court of Florida for instructions concerning said question of law, based on the facts recited herein, pursuant to Section 25.031, Florida Statutes 1967, F.S.A., and Rule 4.61 Florida Appellate Rules, 32 F.S.A., as follows:

(1) Style of the Case.

The style of the case in which this certificate is made is Marcelino Oliva, Jr., D. O., and W. E. Stanfield, D. O., and Daniel E. Cannon, Appellants, versus Charles F. Touchton, Jr., Alan T. Barber, William C. Webb, Charles S. Ashbrook, and W. S. Edwards, as and constituting the Board of Trustees of Jackson Memorial Hospital of Dade City, Florida; the Board of County Commissioners of Pasco County, Dwayne L. Deal, M.D., W. H. Walters, M.D., R. D. Piat, M.D., H. G. Brownlee, M.D., W. Wardlaw Jones, M.D., W. C. Chandler, M.D., J. W. Basinger, M.D., and W. M. Reilly, M. D., as and constituting the Medical Staff of Jackson Memorial Hospital of Dade City, Florida; and, the Florida Medical Association, Inc., a corporation organized and existing under the laws of the State of Florida, Appellees, Case No. 28,150, United States Court of Appeals for the Fifth Circuit, such case being an appeal from the United States District Court for the Middle District of Florida.

(2) Statement of Facts.

The Plaintiffs are two doctors of osteopathy, duly licensed by the State of Florida, and one of their patients. The Defendants are the members of the Board of Trustees of Jackson Memorial Hospital in Dade City, Pasco County, Florida, the members of the medical staff of said hospital, and the Florida Medical Association. Jackson Memorial Hospital is a County owned, tax-supported hospital. Article III, Section 1 of the By-Laws of Jackson Memorial Hospital limits staff privileges to medical doctors.

The Plaintiff osteopathic physicians applied for admission to the staff, but their applications were denied solely because they are osteopathic physicians and not medical doctors. Plaintiffs then brought suit in the United States District Court, Middle District of Florida, Tampa Division, contending this denial of staff privileges for such a reason contravenes the equal protection clause of the United States Constitution.

Plaintiffs have alleged that by enacting Section 459.07(2),[1] Florida Statutes, F.S.A., the Florida legislature has determined that osteopathic physicians and medical doctors are in the same class in Florida, thereby requiring the governing boards of tax-supported hospitals to pass rules for admission to staff privileges which apply equally to both schools of healing. Defendants claim that this statute does not require that such rules of admission apply equally. Their claim

---

1. "Physicians and surgeons of the osteopathic school of medicine are to have all rights and to be of equal rank and grade as the physicians and surgeons of the other three schools of medicine designated as allopathic homeopathic, and eclectic."
§ 459.07(2), Florida Statutes, F.S.A.

is that such governing boards are limited only by the Constitutional requirement that the rules be reasonable.

The District Court on motion dismissed the Plaintiffs' complaint, citing Hayman v. City of Galveston, 1927, 273 U.S. 414, 47 S.Ct. 363, 71 L.Ed. 714; Richardson v. City of Miami, Fla.1940, 144 Fla. 294, 198 So. 51; and Taylor v. Horn, Fla.App.1966, 189 So.2d 198. Plaintiffs prosecuted an appeal to the United States Circuit Court of Appeals, Fifth Circuit.

(3) Question of Law to be Answered.

Whether Section 459.07(2), Florida Statutes 1967, F.S.A., places osteopathic physicians in the same class with Medical Doctors in Florida so as to require the rules for admission to staff privileges promulgated by governing boards of tax-supported hospitals in Florida to apply equally to both schools of healing.[2]

This Court expressly reserves the Federal questions of Constitutional law. See England v. Louisiana State Board of Medical Examiners, 1964, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440. In so doing, it does not intend to prevent the Supreme Court of Florida from relying upon, articulating or expressing its reasons in terms of constitutional principles (State or Federal) in arriving at decisions on the State questions. To afford the widest possible latitude in reaching decision, we emphasize that the particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.

The entire record and the briefs are transmitted with this certificate.

---

2. "The particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts." Martinez v. Rodriquez, 5 Cir., 1968, 394 F.2d 156, 159, n. 6.