Simon J. Liebowitz, J.
Petitioner in this article 78 proceeding, seeks an order directing the respondents to readmit two of her children to the Lillian Sklar Filler Day Care Center, pending a hearing on charges made against her, or, in the alternative, directing respondents Sugarman and Wyman to cut off all municipal and State funds to the center.
Respondent Sugarman cross-moves to dismiss the petition on the ground that it fails to raise a question as required by CPLR 7803, and that petitioner failed to exhaust her administrative remedies as required by CPLR 7801.
The facts are relatively simple. Petitioner has a five-year-old ' daughter and a four-year-old grandson living with her, both of whom receive aid to dependent children, and have been found eligible by the New York City Department of Social Services for day care at the Lillian Sklar Filler Day Care Center sponsored by the respondent, Brooklyn Section, National *720 Council of Jewish Women, Inc., a private institution which, it is claimed, receives funds from both the city and the State of New York towards its operations. These children have attended the center for some time, one for whom a token sum of $2 per week was paid while the younger paid nothing.
Petitioner claims that on April 7, 1971, when she brought the children to the center, she complained to her daughter’s teacher that the child had been held as another child was hitting her; that if this were true and it should happen again, petitioner would complain to the head office of the Division of Day Care of the New York Department of Social Services. The following day she received a phone call advising her that she could no longer bring the children to the day care center because “ you are not satisfied with their services and the teachers are walking out.” When she brought the children to the day care center the next day the door was locked and when she went to the Division of Day Care she was told the teachers were walking out and that the children would he placed in another center or that petitioner would be placed on welfare, since she claimed that it was necessary for her to have the children in a day care center when she went to work; petitioner demanded a hearing to tell her side of the story.
The affidavit submitted by the day care center in opposition states that it is sponsored by the Brooklyn Section, National Council of Jewish Women, Inc., a private philanthropic organization which receives funds from the City of New York towards its operation; that it is manned by both paid and volunteer workers; that petitioner’s children had been cared for at the center for a long time, during which petitioner constantly complained to the teachers regarding the work of the center; that she would repeatedly go to the classrooms and start arguments with the teachers in front of the class, upsetting the teacher and disrupting the class; that on April 7, 1971, she came to the class, yelled at Mrs. De Marco, a part-time teacher, and threatened her with bodily harm causing her to become emotionally upset and to insist upon police protection, and that as a result of the incident the entire staff of the school threatened to quit.
The school has a contracted capacity of 60 children, all of whom would suffer if petitioner’s children were permitted to return, and the staff carry out its intention to quit.
Respondent Sugarman, the Commissioner of the Department of Social Services of the City of New York, also opposes the application as set forth in his moving papers. He argues that the Lillian Sklar Filler Day Care Center is operated by the respondent, Brooklyn Section, National Council of Jewish Women, *721 Inc., an independent organization in no way connected with the City of New York, and over which the city has no control; that the city has offered to place petitioner’s children in a day care center which they had attended when the instant day care center was closed, which offer petitioner refused.
The court cannot find any authority for requiring that petitioner be furnished with any particular facility. The day care center offered petitioner was within a reasonable distance from her home and had been used by her on previous occasions. It is an adequate compliance with law.
However, since the day care center in question is the recipient of State and Federal funds, its “ activities are also the activities of these governments and performed under their aegis without the private body necessarily becoming either their instrumentality or their agent in the strict sense ” (Simkins v. Moses H. Cone Mem. Hosp., 323 F. 2d 959, 966, cert. den. 376 U. S. 938). As further stated in Burton v. Wilmington Parking Auth. (365 U. S. 715, 726): “ Specifically defining the limits of our inquiry, what we hold today is that when a State leases public property in the manner and for the purpose shown to have been the case here, the proscriptions of the Fourteenth Amendment must be complied with by the lessee as certainly as though they were binding covenants written into the agreement itself.” (See, also, Sosa v. Board of Managers of Val Verde Mem. Hosp., 437 F. 2d 173.)
Accordingly, the application is denied on condition that respondent Sugarman conduct an informal hearing after giving petitioner 20 days’ written notice thereof concerning reasons and causes for the termination of the services at the instant day care center, the right to retain an attorney if she so desire, an opportunity to confront and cross-examine witnesses and to submit oral evidence on her behalf. (Goldberg v. Kelly, 397 U. S. 254.) Cross motion accordingly, is denied.