Dr. Allen SHAW, Plaintiff-Appellant,

v.

The HOSPITAL AUTHORITY OF COBB COUNTY and its individual members, et al., Defendants-Appellees.

No. 74–1018.

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1975.

Richard H. Still, Jr., Marietta, Ga., for plaintiff-appellant.

Werner Strupp, Howard Adler, Jr., Washington, D. C., for Am. Podiatry Assoc.

Irma B. Glover, Garvis L. Sams, A. Harris Adams, Marietta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.

BELL, Circuit Judge:

We are required in this appeal to apply the "procedural due process—liberty or property interest" principle outlined in Board of Regents v. Roth, 1972, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, to the claim of a podiatrist to staff privileges in a public hospital. We vacate and remand for further consideration.

The complaint against the defendants, the Hospital Authority and its individual members, claimed arbitrary conduct on their part in denying appellant staff privileges at Cobb General Hospital, a hospital under the supervision of the defendants. The component parts of this general claim are alleged denials of substantive and procedural due process as well as equal protection, all as afforded appellant by the Fourteenth Amendment.

Appellant, Dr. Shaw, is a Doctor of Podiatric Medicine and Surgery licensed to practice in the State of Georgia. His competence and individual qualifications have not been challenged by the defendants. He has been granted staff privileges at Bolton Road Hospital in Atlanta, Georgia, and at Doctor's Hospital in Tucker, Georgia, both private hospitals. He is currently engaged in the practice of his profession in the immediate vicinity of Cobb General Hospital.

Appellant's application for staff membership at Cobb General Hospital was denied on the basis of the by-laws of the Hospital Authority and by the by-laws of its "Medical-Dental Staff" which allow membership only to full-practice physicians and duly licensed dentists. A podiatrist such as Dr. Shaw would not come within this definition as Ga.Code Ann. § 84–601, defines "podiatry" as "diagnosis, medical, surgical, mechanical, manipulative and electrical treatment . . . of the human foot and leg" and states that "[n]o podiatrist shall do any amputation or use any anesthetic other than local." Thus podiatrists do not hold full-practice licenses because under Ga.Code Ann. § 84–901 the "practice of medicine" is not defined as limited to any area of the body.[1] Further the power to grant licenses to practice podiatry is vested in the State Board of Podiatry Examiners

---

1. Ga.Code Ann. § 84–601 has since been amended to clarify this. "Podiatry shall not be deemed to be included in the expression 'licensed doctors of medicine,' 'doctors of medicine,' 'doctors of medicine licensed to practice in this State' and the like." [1973] Ga.L. 824–825.

while the power to grant licenses to practice medicine is vested in the Composite State Board of Medical Examiners. Dentists are also limited by law to one area of the body (*See* Ga.Code Ann. § 84–701 et seq.) and they are licensed other than by the Composite Board of Medical Examiners. The Hospital Authority explains its exception for dentists on the grounds that they perform functions which are not offered by other members of the medical community. This is not the case with podiatrists, as the services they provide are already available from the existing staff, specifically orthopedic surgeons.

■ The Hospital Authority of Cobb County is the governing body of Cobb General Hospital, a public hospital constructed with state and federal funds under the Hill-Burton Act, 42 U.S.C.A. § 291 et seq. Therefore its acts in precluding Dr. Shaw from staff privileges are state acts subject to the provisions of the Fourteenth Amendment. Sosa v. Board of Managers of Val Verde Memorial Hosp., 5 Cir., 1971, 437 F.2d 173; Foster v. Mobile County Hosp. Bd., 5 Cir., 1968, 398 F.2d 227.

Appellant made application for staff privileges at Cobb General on April 19, 1973. He expressed a desire to meet with the executive committee of the Medical-Dental Staff to discuss a change in its by-laws, indicating that he was aware that same did not provide for podiatrists on the staff. Dr. Shaw was invited to and attended the meeting of May 8, 1973 in which he was given some 30 minutes to pass out literature and answer questions. After Dr. Shaw left the meeting, the Executive Committee decided to recommend to the Hospital Authority that no change be made in the Staff by-laws.

Dr. Shaw was informed of this action and his attorney responded with a letter to the Hospital Authority objecting to the rejection of Dr. Shaw's application on the basis of the by-laws and appealing on Dr. Shaw's behalf to the members of the Hospital Authority to reconsider the rejection. The attorney stressed that his client could not be denied staff membership on the basis of by-laws which were unreasonable, arbitrary and discriminatory. A reply to the attorney stated that his letter had been presented to the Hospital Authority at its regular meeting on June 20, 1973 and that "[t]he Authority did not feel it appropriate to direct the Staff to change its by-laws nor did the Authority take any action toward changing its own by-laws."

Appellant contends that the Hospital Authority's denial of his application on the basis of by-laws which exclude podiatrists as a class while admitting dentists, who are also limited by law to one area of the body, is a violation of his equal protection rights. He maintains that he is licensed by the State of Georgia to perform certain operations and that the hospital facilities are necessary for the convenience of his patients who reside in Cobb County, the area of his practice, and alleges this to be a denial of substantive due process. He also claims a denial of procedural due process with respect to the hearing process.

In the view we take of this case, we reject the equal protection claim and find it unnecessary to denominate, as such, any issue as to substantive due process.[2] We do find a liberty interest subject to procedural due process safeguards, and because this case was not considered by the defendants on this basis, we direct that it be reconsidered.

■ Under the equal protection claims, appellant attacks the classifica-

2. Appellant relies on Woodbury v. McKinnon, 5 Cir., 1971, 447 F.2d 839, where we held that once a staff member, a doctor had a right to reappointment until the governing authorities determined after a hearing conforming to the minimum requirements of procedural due process that he did not meet the reasonable standards of the hospital. This was the ex-

tent to which he was entitled to substantive due process. The *Roth* decision renders this argument unnecessary. Regardless of the label of substantive due process, our inquiry centers on whether Dr. Shaw had a liberty or property interest protected by the Fourteenth Amendment.

tions created by appellee's by-laws, arguing that all those licensed by the State of Georgia to practice the healing arts are members of one class. He contends that granting staff privileges to full-practice physicians and dentists while denying them to podiatrists creates classifications which have no rational basis.[3] We believe that this argument is too attenuated. Such a class is too large to be meaningful and we are unable to equate the various branches of the healing arts which would necessarily be included. Therefore, we reject appellant's equal protection claim. The facts simply do not make out a case of persons similarly situated within the equal protection clause treatment requirement "that all persons similarly circumstanced shall be treated alike." Royster Guano Co. v. Virginia, 1920, 253 U.S. 412, 415, 40 S.Ct. 560, 562, 64 L.Ed. 989, 991.

■ Finally, Dr. Shaw contends that he was denied procedural due process because his application was considered in summary fashion by appellee. His criticism is aimed at the thirty-minute hearing before the Medical-Dental Staff and the Hospital Authority's refusal to consider changing its by-laws on the strength of this hearing. Before the requirements of procedural due process apply there must be a deprivation of interest encompassed by the Fourteenth Amendment's protection of liberty and property. Board of Regents v. Roth, supra.

■■ Although both the terms "liberty" and "property" are broad and not defined with exactness, National Ins. Co. v. Tidewater Co., 1949, 337 U.S. 582, 646, 69 S.Ct. 1173, 1209, 93 L.Ed. 1556, 1596 (Frankfurter, J., dissenting); Meyer v. Nebraska, 1923, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042, 1045, a number of cases have construed these

terms. Liberty is not confined to mere freedom from bodily restraint but extends to the full range of conduct which the individual is free to pursue. Bolling v. Sharpe, 1954, 347 U.S. 497, 499–500, 74 S.Ct. 693, 694–695, 98 L.Ed. 884, 887. Contemplated within this term is the right to practice any of the common occupations of life, and for others to engage the individual to perform those acts which are his occupation. These rights are within the Fourteenth Amendment. Meyer v. Nebraska, supra, 262 U.S. at 400, 43 S.Ct. at 627. Appellant, in seeking staff privileges at appellees' hospital, seeks to engage in his occupation as a podiatrist and this is a liberty interest protected by the Fourteenth Amendment.[4] He is therefore entitled to a hearing conforming to minimal requirements of procedural due process of notice and an opportunity to be heard.

This brings us to the question whether appellant was afforded such a hearing. We conclude that he was not.

■ There are two principal reasons for the shortcoming in procedural due process. The first is that a hearing before the Medical-Dental Staff would not suffice as a hearing before the Hospital Authority. Although the Authority may properly delegate many decisions to the Staff, Sosa v. Board of Managers, supra, 437 F.2d at 177, these two groups are separate and each have their own set of by-laws which preclude podiatrists from staff privileges. There is no evidence that a change in the Medical-Dental Staff by-laws would automatically result in a change in the Hospital Authority's by-laws. Therefore, Dr. Shaw must be afforded hearings before both groups.

Appellees argue that appellant did not request a hearing before the Authority and so they were justified in relying upon the recommendation of the Medi-

---

**3.** After examining the nature of the classification and the interest involved, we agree that the rational basis rather than the compelling state interest test is applicable. See Shapiro v. Thompson, 1969, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600. Cf. Hayman v. Galveston, 1927, 273 U.S. 414, 47 S.Ct. 363, 71 L.Ed. 714.

**4.** In finding that Dr. Shaw has a liberty interest, we need not reach the question whether he has a claim of entitlement amounting to a property interest. For a discussion see Board of Regents v. Roth, supra; Goldberg v. Kelly, 1970, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287.

cal-Dental Staff. This argument is without merit in the face of the District Court's finding that appellee had determined not to change its by-laws despite appellant's failure to request a hearing. This is relatively unimportant, in any event, in view of our disposition of the other basis of procedural due process denial.

We find that the hearing accorded appellant was not conducted on the proper legal standard as to his underlying right, i. e., the liberty interest. The procedural due process to which Dr. Shaw was entitled had to be fashioned for and directed to that liberty interest.

Because his application was not so considered, we vacate the judgment of the District Court and remand with direction that the application of Dr. Shaw be reconsidered by defendants and the Medical-Dental Staff on a basis not inconsistent herewith.

Vacated and remanded.

JOHN R. BROWN, Chief Judge (concurring):

I concur in the opinion and the result. I would emphasize, however, that in the procedural due process hearing the intrinsic reasonableness of the regulation is the principal matter for inquiry.

While I would join in the Court's conclusion that the practice of podiatry and medicine do not coalesce, the practice of podiatry is a statutorily recognized right to engage in procedures and techniques which might be characterized as "medically radical". The State of Georgia recognizes that persons of this profession have significant professional qualifications, responsibilities, and privileges.

Considering all that Georgia permits and encourages them to do, the question perhaps boils down to whether any rational basis exists for denying podiatrists, or more important their patients, the essential facilities of a twentieth century hospital. Before podiatrists can be relegated in the performance of their duties to a garret, there must be a rational basis for regulations which effectively deny access to modern hospital facilities. The due process hearing, if conducted with due process, may therefore precipitate a serious question of equal protection.