Harold Dean **THEISSEN,** Appellant,

v.

**WATONGA MUNICIPAL HOSPITAL
BOARD,** Appellee.

**No. 48070.**

Supreme Court of Oklahoma.

May 25, 1976.

Miskovsky, Sullivan & Miskovsky by Robert B. Smith, Oklahoma City, for appellant.

Shirley & Stephenson by Tom R. Stephenson, S. David Hopper, Watonga, for appellee.

BARNES, Justice:

Appellant, Dr. Harold Dean Theissen, brings this appeal from an order of the District Court denying him staff privileges in Appellee's hospital. This suit concerns the exercise of discretion by a hospital board in the granting or denial of staff privileges to practice in that hospital.

Appellant asserts that the Trial Court erred in its failure to hold the Appellee Watonga Municipal Hospital Board's denial of staff privileges to the Appellant was an arbitrary and capricious act which should have been enjoined.

The pertinent background facts are as hereinafter related. Appellant, a resident of Watonga, was licensed to practice medicine in the State of Oklahoma. In 1972 his membership on the Medical Staff of the Watonga Municipal Hospital was revoked for good cause shown. He filed his application for re-admission to the Medical Staff with the Board of Trustees thereof

on June 22, 1973. Appellant's application for re-admission was denied on August 31, 1973, and Appellant was so advised by letter dated September 4, 1973.

That letter was sent to Appellant from Virginia O. Curtin, the Chief of the Medical Staff, and stated as follows: "Dear Dr. Thiessen: At our regular Medical Staff meeting at the Watonga Municipal Hospital, at 12:00 noon, August 31, 1973, your application for staff privileges was denied. The reason given is that you have refused to uphold the dignity and honor of the profession and accept its self imposed discipline." That represents the complete statement given to Appellant in relation to the denial dated September 4, 1973.

Thereafter, Appellant filed his petition in the District Court of Blaine County alleging that the Board was arbitrary and capricious in determining that Appellant's hospital privileges should not be restored to him.

The Trial Court found that the Appellant was given a hearing after proper notice, and held that Appellee exercised judgment and discretion in reaching its decision to deny Appellant hospital staff privileges and that the Court was without authority to superimpose its judgment for that of the hospital board.

The record reveals that Appellee, in determining whether or not to grant Appellant's application, wrote to each of the personal and professional references listed on Appellant's application in order to acquire current information and make a proper evaluation of the application. Many of the references did not reply. Those replying were neutral, negative, or evasive.

One of the references failing to reply was a psychiatrist, Dr. Sam Collins, who had been treating Appellant for his drug problem since 1970 when he was hospitalized at Baptist Hospital in Oklahoma City, Oklahoma. The Appellee Board felt Dr. Collins' opinion was of great importance to their investigation and made a second request for his recommendation, but again received no reply. The record reflects Appellant's use of drugs, which could impair his ability and judgment and make the hospital liable for any negligence on his part, was fairly well known.

In answer to a question concerning Appellant's ability to perform his medical duties, Dr. Curtin states:

"While still on the staff here he was told a patient was allergic to a drug and he gets it anyway."

While the reasons for the original denial were simply stated, the Appellant himself was aware of the reasons that led to the termination of his staff privileges. He was aware of what the medical staff and the Hospital Board would be looking for in the way of correcting those problems, yet at the hearing Appellant did not ask for an extension of time to obtain a reply from Dr. Collins or any of the other doctors who had failed to reply.

The failure of Appellant's references to reply in the affirmative and in support of Appellant's application necessitated the Medical Staff to rely upon their own personal knowledge of Appellant, gained from having worked with him, replies received from references, and current statements of his patients when treated by the Medical Staff. Appellee contends that Appellant had established for himself the reputation of not keeping his promises to abide by hospital rules and regulations and not carrying out his duties as a member of the Medical Staff in a proper, professional and dependable manner.

Appellant failed to present any evidence of rehabilitation or that the problem leading to his original dismissal had been corrected. Based upon this information, the Medical Staff recommended Appellant's application be denied in the best interest of the hospital, the patients, and the community. That recommendation was followed by the Hospital Joint Conference Committee and the Board of Trustees.

On October 31, 1973, Appellant was given a hearing to permit him to put on evidence he desired in support of his application. Appellant appeared in person and by counsel, but did not present any evidence for Appellee to consider in reviewing the application and the original decision. Following the hearing with the Joint Conference Committee, Appellee again voted unanimously to recommend denial of staff privileges to Appellant. Appellant was so advised. Thereafter, Appellant filed suit against Appellee Hospital Board.

The general rule upon which Appellant relies is set forth in Physician, Surgeon—Hospital Exclusion, 37 A.L.R.3d 645, 666, where the author states:

"A public hospital cannot exclude a physician or surgeon from practice therein by rules, regulations, or acts of the hospital's governing authorities, which rules, regulations, or acts have been described variously as unreasonable, arbitrary, capricious, or discriminatory, and the following cases essentially support the general tenor of this proposition. (Cases cited)."

Appellant admits he was afforded procedural due process, but complains he was denied substantive due process in that the Appellee arbitrarily refused to grant him staff privileges because there was no current objective evidence in the record supporting their decision.

Citing *Wyatt v. Tahoe Forest Hospital District*, 174 Cal.App.2d 709, 345 P.2d 93 (1959), Appellant contends that the test which should be applied by a hospital board for a public hospital in considering an application by a licensed physician and surgeon for staff membership in the hospital is not the applicant's wrongful conduct in the past, but whether or not at the time of his application for staff membership he is competent in his field and worthy in character and in professional ethics.

While we agree with Appellant that wrongful conduct in the past may not be a sufficient ground for denial of staff

privileges, the Appellant herein was given an opportunity to show rehabilitation, but, in fact, offered no evidence to show that past problems no longer existed.

Appellant next contends the only other basis for which the Appellee Board refused his staff membership was a purported problem in getting along with other members of the Staff. Appellant cites *Rosner v. Eden Township Hospital District*, 58 Cal. 2d 592, 25 Cal.Rptr. 551, 375 P.2d 431 (1962), in which the California Supreme Court said:

"* * * The fact that a doctor, due to criticisms made by him relating to treatment of patients or hospital practices, has been 'unable to get along with' some doctors or hospital personnel is not a sufficient ground to exclude him from the use of hospitals. Obviously physicians will not always agree as to the proper treatment for a patient or as to the proper practices in a hospital. * * * Considerations of harmony in the hospital must give way where the welfare of patients is involved, and a physician by making his objections known, whether or not tactfully done, should not be required to risk his right to practice medicine."

We think that case is distinguishable in that Dr. Rosner's problems in getting along with the personnel were based upon valid medical or professional reasons primarily relating to the care and treatment of patients. In the instant case, problems apparently resulted from personal verbal attacks by Appellant on other hospital staff members, as well as a drug problem.

Appellant further cites, as being similar to the instant case, *Giles v. Breaux*, 160 So.2d 608 (La.App.1964), where the Louisiana Court characterized the public hospital's act of denying the renewal application for medical staff privileges to the doctor as being arbitrary, capricious, and discriminatory where it appeared none of the physicians testifying at the trial were able to cite any examples of malpractice on the part of the plaintiff.

Unlike the present case, *Giles,* supra, was decided on the issue of improper delegation of authority by the Board of Commissioners, the governing body of the hospital, to the Operating Committee, which rejected the Medical Staff's recommendation under a statute making appointment mandatory following such recommendation.

The Court in the *Giles* case stated the Commission's authority to refuse re-appointment could only be exercised within the framework of rules and regulations set up for the governing body of the hospital, and in that case such rules and regulations had never been established by the Board. In the case at bar, such rules and regulations had been established and were followed in good faith.

*Giles,* supra, may be further distinguished in that Dr. Giles had no notice or opportunity for a hearing prior to the action denying him staff privileges.

■ The responses to the inquiries addressed to persons with whom Appellant herein had trained were for the most part vague and evasive. It is obvious from a fair reading thereof that there existed a basis for a doubt that Appellant was able to work well with others, had solved his drug problem, and was worthy in character and professional ethics for staff membership. There being such a basis for doubt, we are of the opinion that the decision of the Board was not arbitrary or capricious.

■ Where a Hospital Board has the responsibility to assess Appellant's qualifications, and their decision is made in good faith and supported by an adequate factual basis, we are not disposed to invalidate it.

We think the following language from *Shulman v. Washington Hospital Center,* 222 F.Supp. 59, 64 (D.D.C.1963), is appropriate, although it was used in deciding that a private hospital's choices in such matters were not subject to judicial review in any event:

"There are sound reasons that lead the courts not to interfere in these matters. Judicial tribunals are not equipped to review the action of hospital authorities in selecting or refusing to appoint members of medical staffs, declining to renew appointments previously made, or excluding physicians or surgeons from hospital facilities. The authorities of a hospital necessarily and naturally endeavor to their utmost to serve in the best possible manner the sick and the afflicted who knock at their door. Not all professional men, be they physicians, lawyers, or members of other professions, are of identical ability, competence, or experience, or of equal reliability, character, and standards of ethics. The mere fact that a person is admitted or licensed to practice his profession does not justify any inference beyond the conclusion that he has met the minimum requirements and possesses the minimum qualifications for that purpose. Necessarily hospitals endeavor to secure the most competent and experienced staff for their patients. Without regard to the absence of any legal liability, the hospital in admitting a physician or surgeon to its facilities extends a moral imprimatur to him in the eyes of the public. Moreover not all professional men have a personality that enables them to work in harmony with others, and to inspire confidence in their fellows and in patients. These factors are of importance and here, too, there is room for selection. In matters such as these the courts are not in a position to substitute their judgment for that of professional groups."

Further, as was stated in *Huffaker v. Bailey,* 540 P.2d 1398 (Or.1975):

"An additional reason for allowing hospitals, even though they are public hospitals, a wide range of discretion is the possibility of independent tort liability being imposed upon them for the actions of doctors practicing therein, including liability for the mere selection and admission of physicians whose subsequent negligence injures a hospital's patients. In such circumstances a hospital must

necessarily be vested with considerable discretion in staff members."

A further statement of the court's function in this area is found in *Sosa v. Board of Managers of Val Verde Memorial Hospital,* 437 F.2d 173 (5th Cir. 1971), at page 177:

" * * * No court should substitute its evaluation of such matters for that of the Hospital Board. It is the Board, not the court, which is charged with the responsibility of providing a competent staff of doctors. The Board has chosen to rely on the advice of its Medical Staff, and the court cannot surrogate for the Staff in executing this responsibility. Human lives are at stake, and the governing board must be given discretion in its selection so that it can have confidence in the competence and moral commitment of its staff. *The evaluation of professional proficiency of doctors is best left to the specialized expertise of their peers, subject only to limited judicial surveillance.* The court is charged with the narrow responsibility of assuring that the qualifications imposed by the Board are reasonably related to the operation of the hospital and fairly administered. In short, *so long as staff selections are administered with fairness, geared by a rationale compatible with hospital responsibility, and unencumbered with irrelevant considerations, a court should not interfere. Courts must not attempt to take on the escutcheon of Caduceus.*" [Emphasis ours]

Suits by physicians who have been denied hospital staff privileges are numerous. It has been clearly established that a doctor has no constitutional right to the staff privileges of a hospital merely because he is licensed to practice medicine. *Hayman v. Galveston,* 273 U.S. 414, 47 S. Ct. 363, 71 L.Ed. 714 (1927).

The argument of arbitrary and capricious action is simply not supported by the record.

Accordingly, the District Court's judgment is affirmed.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, LAVENDER and SIMMS, JJ., concur.